

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSHUA LEE GILSON,

        Petitioner,

v.                                                       Criminal No. 2:18-cr-4

UNITED STATES OF AMERICA,

        Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Joshua Gilson's ("Petitioner") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 39. The Government opposed the motion. ECF No. 46. Petitioner replied to the Government's opposition. ECF No. 48. This matter is now ripe for judicial determination. For the reasons below, the Petitioner's motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

During 2016 and 2017, the Petitioner distributed methamphetamine, heroin, and marijuana in South Hampton Roads. ECF No. 18, at 5-9. On January 3, 2018, Petitioner was named in a four-count Indictment returned by a Grand Jury with drug and weapons related offenses. ECF No. 18. On March 6, 2018, Petitioner pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Heroin, in violation of 21 U.S.C. § 846 (Count One), and Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three). *Id.* On June 6, 2018, the Court imposed a below-guidelines sentence of 144 months' imprisonment with five (5) years of supervised release on Count One and a concurrent sentence of 120 months' imprisonment with three (3) years of supervised release on Count Three. ECF No. 24. Petitioner

is serving a sentence of 144 months imprisonment and is incarcerated at FCI Williamsburg, South Carolina.

On May 20, 2020, Petitioner filed his *pro se* motion for compassionate release. ECF No. 28. On July 22, 2020, the Federal Public Defender filed a supplemental motion and memorandum. ECF No. 39. The Government opposed Petitioner's request on August 8, 2020. ECF No. 46. On August 13, 2020, Petitioner filed a reply to the Government's opposition. ECF No. 48.

Petitioner requests compassionate release because of the ongoing COVID-19 pandemic and his underlying health conditions that places him at a higher risk for serious illness if he contracts the virus. ECF No. 39. At age 41, Petitioner has asthma, obesity, Type 2 diabetes, hypertension, and sleep apnea. *Id.* at 9-13. Given the pandemic and his underlying health conditions, Petitioner requests that this Court grant him compassionate release and amend his sentence to time served and seven years' supervised release (with three years' home confinement) extending through his current release date of September 27, 2027.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A petitioner may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* However, the exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate

relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) *citing Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). The COVID-19 pandemic, which could result in catastrophic health consequences for petitioners vulnerable to infection, implicates all three exceptions justifying the waiver of the exhaustion requirement. *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. April 3, 2020); *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL 1536155, at *2 (E.D. Wash. Mar. 31, 2020).

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Requirement

The Court finds that Petitioner did not exhaust his administrative remedies prior to bringing his motion with the Court. On June 30, 2020, Petitioner submitted an administrative request for compassionate release with the Warden at FCI Williamsburg. ECF No. 44 at Exhibit 1. Petitioner filed his Motion for Compassionate release on July 22, 2020. The Warden denied Petitioner's request on August 3, 2020. ECF No. 46, Exhibit 2. Thus, not more than 30 days passed since Petitioner filed his request with the Warden. Therefore, Petitioner did not exhaust his administrative remedies. However, this Court, as consistent with its previous opinions, waives the

exhaustion requirement given the COVID-19 pandemic and the catastrophic health consequences it has for inmates with underlying health conditions. *See United States v. Poulios*, N. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. April 21, 2020); *United States v. Casey*, No. 4:18-cr-4, 2020 WL 2297184, at *2 (E.D. Va. May 6, 2020); *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *Zukerman*, 2020 WL 1659880, at *3; *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *2.

### B. Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions. During the COVID-19 pandemic, federal courts around the country have found that compassionate release is justified under the circumstances. *Zukerman*, 2020 WL 1659880, at *4 *citing Perez*, 2020 WL 1546422, at *4; *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020); *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020); *United States v. Jepsen*, No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *3; *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, No. 16 CR. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). Similar to the above cases, Petitioner's compassionate release is justified under the circumstances.

First, Petitioner shows a particularized susceptibility to COVID-19. As indicated in his BOP medical records, Petitioner suffers from Type 2 diabetes, hypertension, obesity (body mass index of 40-44.9), asthma, and sleep apnea. ECF No. 40 at Exhibit 2 ("BOP Medical Records"). Petitioner takes atorvastatin once a day for his hypertension as well as hydrochlorothiazide and amlodipine once a day to control his blood pressure. *Id*. Petitioner also takes daily medication to

5

prevent seizures. *Id.* According to the Centers for Disease Control and Prevention, individuals with obesity (BMI of 30 or higher) and Type 2 diabetes are at an increased risk for severe illness from COVID-19.[1] Individuals with hypertension or high blood pressure might also be at an increased risk for severe illness if they contract the virus. Thus, the combination of Petitioner's underlying medical conditions puts him at higher risk for serious illness if he contracts COVID-19.

Second, Petitioner shows a particularized risk of contracting the disease at his prison facility. As of September 28, 2020, the BOP has reported twelve (12) cases of COVID-19 at FCI Williamsburg.[2] Moreover, increased testing is showing that COVID-19 has rapidly spread throughout prisons all over the country.[3] Despite the BOP's protection measures, individuals housed in prisons remain particularly vulnerable to infection. *See Muniz*, 2020 WL 1540325, at *1; *see also Esparza*, 2020 WL1696084, at *1 (noting that "[e]ven in the best run prisons, officials might find it difficult if not impossible to follow the CDC's guidelines for preventing the spread of the virus among inmates and staff: practicing fastidious hygiene and keeping a distance of at least six feet from others"). Therefore, the Court need not wait until an outbreak occurs at a specific prison facility to determine that Petitioner has a particularized risk of contracting the disease, especially whereas here, Petitioner suffers from underlying health conditions that put him at higher risk for severe illness if he contracts COVID-19. *See Zukerman*, 2020 WL 1659880, at *6 *citing Rodriguez*, 2020 WL 1627331, at * 12 ("the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic").

Third, the § 3553(a) factors weigh in favor of Petitioner's compassionate release. The

---

[1] Centers for Disease Control and Prevention, "People Who are at Higher Risk," *CDC.gov*, available at https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html
[2] *See* Federal Bureau of Prisons, "COVID-19 Corona Virus," *BOP.gov*, https://www.bop.gov/coronavirus/
[3] *See* Centers for Disease Control and Prevention, "Coronavirus Disease 2019: Cases in the US," *CDC.gov*, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html

seriousness of Petitioner's conduct for his underlying offense remain unchanged. However, Petitioner's last violation conviction was for a misdemeanor seventeen years ago. While in prison, Petitioner has taken advantage of counseling, educational, and employment opportunities, including completing a drug treatment and education program. ECF No. 39 at Exhibit 1. Petitioner has maintained regular work as an orderly for the last sixteen months. *Id.* With the exception of a single non-violent disciplinary infraction, Petitioner has not committed any violent or drug related offenses while incarcerated in the last three years. Petitioner has also maintained contact with his family and has a strong support system upon release. ECF No. 39 at 17. The Court does not find that Petitioner is a danger to the safety of any other person or to the community. Therefore, based on the aforementioned factors, the Court finds that Petitioner qualifies for compassionate release.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **GRANTED**. Petitioner's sentence is reduced to **TIME SERVED**. Upon release, Petitioner shall be on supervised release as previously ordered in his criminal judgment, for five (5) years, with a special condition of sixty (60) months home confinement. With respect to Petitioner's home confinement conditions, the Court orders as follows:

1. Petitioner shall be on Home Detention, which shall include either electronic monitoring or GPS monitoring at the Petitioner's expense, for a period of 5 years. During this time, Petitioner shall remain at Petitioner's place of residence except for employment and other activities approved in advance by the probation officer.
2. While on home detention, Petitioner shall maintain a telephone at his place of residence without party lines, telephone answering machines, a modem, call forwarding, caller ID, call waiting or any other devices or services that may interfere with the proper functioning of the electronic monitoring equipment for the above period. Petitioner shall wear an electronic monitoring device, follow electronic monitoring procedures, and pay the cost of electronic monitoring, all as directed by the probation officer.

The Bureau of Prisons is **DIRECTED** to release Petitioner from custody within **TEN (10) DAYS** of the date of this Order. Petitioner is **DIRECTED** to contact the United States Probation Office within seventy-two (72) hours from the day of his release.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 29, 2020

Raymond A. Jackson
United States District Judge